# SUPREME JUDICIAL COURT

FOR THE

COUNTY OF NORFOLK, OCTOBER TERM 1845,
AT DEDHAM.

━━━━━━━━━

PRESENT:

Hon. LEMUEL SHAW, Chief Justice.
Hon. SAMUEL S. WILDE, ⎞
Hon. CHARLES A. DEWEY, ⎬ Justices.
Hon. SAMUEL HUBBARD, ⎠

---

## COMMONWEALTH vs. JOHN HARNEY.

An indictment on the Rev. Sts. c. 133, § 12, for an attempt to set fire to a building, is not bad for duplicity, although it sets forth a breaking and entering of the building, as well as an attempt, in the building, after the breach and entry, to set fire to it.

The Rev. Sts. c. 133, § 11, which provide that, in the prosecution of an offence affecting real estate, it shall not be deemed a variance, if it be proved that the property in the whole *or in any part* of such real estate was in the person alleged in the indictment to be the owner, applies to undivided estates, held in common, as well as to estates of which the alleged owner had a sole property in only a part thereof.

When an indictment alleges that a party attempted to set fire to a dwelling-house, with intent to burn it, by attempting to set fire to another building, the jury are authorized to infer the alleged intent from the evidence respecting the attempt to set fire to the other building.

THIS was an indictment which alleged, in the first count, that the defendant, at Roxbury, on the 7th of May 1845, " about the hour of nine in the night time of the same day,

did attempt willfully and maliciously to set fire to and burn, in the night time, a certain dwelling-house there situate, of one Bernard Walmire, and in such attempt did then and there break and enter a certain out house, then and there situated, of the said Walmire, and within the curtilage of said dwelling-house, and did then and there procure and collect together certain shavings and combustible substances, and did then and there. in said out house, set fire to, kindle and burn said shavings and combustible substances, with the intent then and there to set fire to and burn, in the night time, the dwelling-house aforesaid, and towards the commission of such offence, but was then and there intercepted and prevented in the execution of the same." The second count alleged that the defendant, at the time and place mentioned in the first count, attempted to set fire to and burn, in the night time, a certain shop of said Walmire, within the curtilage of his dwelling-house, and in such attempt broke and entered said shop, and there procured and collected shavings, &c. and set fire to, kindled and burned them in said shop, with intent, in the night time, to set fire to and burn said shop, but was intercepted and prevented. The third count was like the second, except that the word *building* was substituted for *shop*, and it was not alleged that said building was within the curtilage of said Walmire's dwelling-house.

At the trial in the court of common pleas, before *Colby*, J. the defendant objected that the indictment was bad for duplicity, and moved that it might be quashed. This motion was overruled.

It appeared from the evidence, that Bernard Walmire and his son were joint lessees of the dwelling-house and shop. The defendant thereupon objected that this evidence did not sustain the allegation in the indictment. This objection was overruled.

It also appeared from the evidence, that certain combustible materials were collected in a small shop, which stood within three or four feet of a shed that was connected with the dwelling-house ; and that the wind was high on the night of the alleged attempt.

The judge instructed the jury that, if they were satisfied that the defendant did the acts alleged in the indictment, they were authorized to infer that he intended to burn the dwelling-house.    The jury returned a general verdict of guilty, and the defendant alleged exceptions to said rulings and instruction.

· *F. Hilliard*, for the defendant.   In each count, a breaking and entering, *and* an attempt to set fire, are averred. This is not only duplicity, but is also a misjoinder of a felony and a misdemeanor.   *Commonwealth* v. *Tuck*, 20 Pick. 361.   *Commonwealth* v. *Eaton*, 15 Pick. 273.   *Commonwealth* v. *Hope*, 22 Pick. 1.   The exceptions to the rule against duplicity are those of continuous acts, as assault and battery, offering to sell and selling, &c.

The buildings were not the property of B. Walmire, but of him and his son, as tenants in common; and the Rev. Sts. c. 133. § 11, do not apply to this case.   The provision there is, that when property is alleged, in an indictment, to belong to any one, it shall not be a variance, if it be proved that he had " the general or special property in the whole, or in any part " of the property.   This provision was intended to cure the defect which defeated the indictment in *Wade's case*, 17 Pick. 395 ; and as it is in derogation of the common law, it should be construed strictly.·   The defect in that indictment was not like the defect in this case, which therefore is not cured by the statute.   In a civil action, this variance would be fatal ; and an indictment should not be less certain than a writ.

The jury should have confined their decision to the intent, of burning the place where the fire first attached, and where it would have burned if the defendant had not been intercepted ; and they were not warranted in inferring the intent, alleged in the first count, of burning the dwelling-house.   As the verdict is general, and cannot be apportioned, a new trial should be granted.   See *Middlesex Canal Corporation* v. *M'Gregore*, 3 Mass. 124.

*Wilkinson*, (District Attorney,) for the Commonwealth.

This indictment is on the Rev. Sts. *c.* 133, § 12, by which an attempt to commit an offence, and the doing of any act in such attempt towards the commission of the offence, is made punishable, though the party be intercepted or prevented in the execution. The doing of certain acts is a part of the indictable charge ; and it is proper that the indictment should specify those acts, in order that the defendant may know what he is accused of. It is the common practice, in an indictment for an attempt to commit one offence, to set forth an act which is, in itself, another offence. 1 Stark. Crim. Pl. (2d ed.) 246. Archb. Crim. Pl. (4th Amer. ed.) 421.

B. Walmire had a property in " part " of the buildings, viz. an undivided half thereof; and this is as much within the reason of the Rev. Sts. *c.* 133, § 11, as his sole property in a part thereof would have been.

The defendant's intent is matter of inference from his acts, and the jury were rightly so instructed. Roscoe Crim. Ev. (2d Amer. ed.) 87.

Dewey, J. The counts in this indictment are not bad for duplicity. It is true that they set forth a breaking and entering in the night time of a certain building therein described ; but that allegation is only introduced as a part of the various acts charged to have been committed by the defendant, all which combined authorize the charge of the specific offence made punishable by Rev. Sts. *c.* 133, § 12. It is not unusual to find in a count properly framed all the essential elements of a count for a minor offence, and presenting the objection of duplicity quite as strongly as the present case. Thus, in an indictment for murder or manslaughter, there is a full and technical charge of an assault and battery. In burglary, when an actual larceny is alleged as perpetrated after entry, there is a technical charge of larceny ; but if connected with the actual breaking and entering, and set forth in the same count, the count is not bad for duplicity. In an indictment for a battery, an assault preceding the battery is alleged, and in sufficiently technical terms, but the count is good for

36 *

a battery and not objectionable for duplicity.   In the present case, the propriety of setting forth the various acts of the defendant, connected with the attempt to set fire to the building, is quite obvious ; the statute itself making the crime to consist in attempting to commit an offence prohibited by law, and in such attempt doing any act towards the commission of such offence.   Rev. Sts. *ubi sup.*   The various acts of the defendant, done in the attempt to set fire to the building, were properly set forth in this indictment, and the objection of duplicity is not well sustained.

The next objection relied upon is that of a variance between the proof and the indictment, in the matter of the ownership of the building attempted to be set on fire.   The indictment alleged the same to be in one Bernard Walmire. The proof was, that said Walmire was joint lessee with another person.   This might have been a fatal variance, but for the provision in the Rev. Sts. c. 133, § 11.   This entirely obviates the objection.   The provision is, that in the prosecution of any offence affecting any real estate, it shall be a sufficient allegation, and not deemed a variance, if it be proved on the trial that any part of such estate was in the person alleged in the indictment to be the owner thereof.

The counsel for the defendant insist, however, that to bring the case within this statute provision, some specific part of the building must have been the property of Bernard Walmire, and that it will not apply to a case where the person alleged to be the owner was the owner of a moiety, or other part, as joint tenant or tenant in common with others.   Such is not, as we think, the proper construction of the statute, nor would such provision be at all adequate as a remedy for the mischief which had been experienced, and which we may presume was intended to be avoided by a legislative act on this subject. Cases of variance of this nature are much more likely to occur in offences relating to personal than real estate, as such offences are so much more frequently the subject of indictment. But rarely indeed would the case present itself where one specific part of a personal chattel belonged to A. and

another specific portion of the same chattel to B. The more usual form in which ownership of property would present itself would be that of an undivided interest in the entire property. This objection was therefore properly overruled by the court of common pleas.

The remaining objection seems rather to present a question of fact than law. Whether the acts done by the defendant were such as to authorize the jury to find an attempt to set fire to any other than the particular building in which the materials were placed, and which was the first to be exposed to be consumed, was wholly a matter for the jury, as it was properly left to them.

*Exceptions overruled.*